UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSEPH L. JOHNSON, Plaintiff, | ) | |
| v. | ) | No. 1:26-cv-00398-JPH-KMB |
| GEO GROUP INC., *et al.*, Defendants. | ) | |

**ORDER SCREENING AMENDED COMPLAINT**

Joseph Johnson's motion for leave to file an amended complaint, dkt. [8], is **granted**. The **clerk is directed** to docket the proposed amended complaint, dkt. [8-1], as the amended complaint. Because Mr. Johnson is a prisoner, the Court must screen his complaint pursuant to 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

Mr. Johnson asserts claims for damages and injunctive relief against (1) the GEO Group, which contracts with the Indiana Department of Correction (IDOC) to manage New Castle Correctional Facility (NCCF); (2) the IDOC; (3) NCCF Warden Mark Sevier; (4) Business Office Manager K. Roy; (5) Executive Assistant B. Van Der Vort; (6) Grievance Specialist Rutledge; and (7) Library Supervisor J. Smith. Mr. Johnson bases his claims on the following allegations.

Mr. Johnson is a party in a state court case. The nature of that case is not clear from the amended complaint.

Mr. Johnson notified Ms. Roy that he had a hearing scheduled in the state-court case. She told him that she did not have time to look into it. She also sent a document containing Mr. Johnson's social security number to unspecified recipients.

Mr. Johnson wrote Mr. Van Der Vort regarding his state court case but never received a response. It is not clear what Mr. Johnson told Mr. Van Der Vort or what action he requested.

Ms. Rutledge told Mr. Johnson he could file a grievance, and he did. She responded that she could not make anyone else do their job.

Mr. Johnson alleges generally that the defendants have prevented him from accessing the courts exhausting administrative remedies. He also alleges that the defendants have retaliated against him for filing an unspecified lawsuit against unspecified defendants.

**III. Analysis**

Mr. Johnson suggests that the defendants have violated his right to access the courts. "The Constitution protects a prisoner's right of access to the courts; state actors must respect that right by not impeding prisoners' efforts to pursue legal claims." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009). To plead an access to courts claim, the petitioner must allege facts supporting a reasonable inference that "that the alleged deprivations have caused him actual injury." *Id.*

"[T]he very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002). The right to access "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415. Therefore, it "is an element" of such a claim that a plaintiff "must identify a nonfrivolous, arguable underlying claim." *Id.* Additionally, "the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.*

Mr. Johnson has not pled a plausible access to courts claim. Construed liberally, Mr. Johnson alleges that the defendants failed to arrange for him to attend a hearing in a state court proceeding. Assuming that the defendants

prevented Mr. Johnson's attendance and that his case was dismissed or resolved unfavorably as a result, he still has not provided any insight into the nature of the case or whether he still may obtain the relief he sought. He has not supported a reasonable inference that he had a nonfrivolous, arguable underlying claim or that the relief he seeks here is not otherwise available in a future legal action.

Mr. Johnson also suggests that the defendants have retaliated against him for exercising his First Amendment rights. To state a First Amendment retaliation claim, a plaintiff must allege three elements: (1) that he engaged in protected First Amendment activity; (2) an adverse action was taken against him that would deter a person of ordinary firmness from participating in future First Amendment activity; and (3) his protected conduct was at least a motivating factor of the adverse action *See Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)).

Mr. Johnson does not identify the protected First Amendment activity that allegedly provoked the defendants' retaliation. He therefore has not supported a reasonable inference that he engaged in protected activity or that his protected activity motivated the defendants' conduct.

## IV. Conclusion

Joseph Johnson's motion for leave to file an amended complaint, dkt. [8], is **granted**. The **clerk is directed** to docket the proposed amended complaint, dkt. [8-1], as the amended complaint.

The amended complaint is **dismissed** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow the plaintiff to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff will have **through December 2, 2026, to file an amended complaint**.

The amended complaint must contain a "short and plain statement of the claim" which explains what happened to him, who was responsible for what happened, what injury he suffered due to the defendant or defendants' actions, and what relief he wants from this lawsuit. *See* Fed. R. Civ. P. 8(a). The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order, which he must use if he files an amended complaint. *See* Local Rule 8-1 (requiring pro se plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).

Any amended complaint should have the proper case number, 1:26-cv-00398-JPH-KMB, and the words "Amended Complaint" on the first page. The

amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 11/4/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOSEPH L. JOHNSON
218873
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362